USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _9/11/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO JAVIER MECINA BARRERA,

                    Petitioner,

        - against -

UNITED STATES OF AMERICA,

                    Respondent.

25 Cv. 465(VM)
21 Cr. 133(VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Petitioner Francisco Javier Mecina Barrera ("Mecina" or "Petitioner"), moving *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). (See "Pet'r Mot.," Dkt. No. 259.[1]) Specifically, Mecina challenges his sentence on the firearms charge ("Count Three") of the Superseding Indictment, which charged Mecina with use or possession of a firearm in connection with a drug trafficking conspiracy in violation of 18 U.S.C. § 924(c) ("Section 924(c)").[2] (See "Superseding Indictment," Dkt. No. 197.) Mecina argues (1) that defense counsel at the time of the guilty plea and sentencing, Edward Sapone ("Sapone") and Michael Vitaliano ("Vitaliano"), were ineffective because Sapone and Vitaliano failed to explain the elements and facts

---

[1] Unless otherwise noted, all citations to the record refer to Case No. 21 Cr. 133.

[2] Mecina does not challenge his convictions for Counts One or Two of the Superseding Indictment.

1

surrounding the firearms charge and discouraged Mecina from filing an appeal, and (2) that there was insufficient evidence to support Mecina's guilty plea on the firearms charge. (See Pet'r Mot.) The Government filed an opposition to Mecina's motion, (see "Gov't Opp'n," Dkt. No. 264), and Mecina filed a reply. (See "Pet'r Reply," Dkt. No. 266.) The Court directed Sapone and Vitaliano to submit affidavits in response to Mecina's ineffective assistance of counsel claims. (See Dkt. No. 267.)

Mecina then filed a sur-reply, arguing that his previous defense counsel Anthony Strazza ("Strazza"), Ken Womble ("Womble"), and Megan Wall-Wolff ("Wall-Wolff") – who each represented Mecina at different times in the underlying criminal matter - were also ineffective because each counsel failed to adequately explain the terms of the Government's proposed plea agreements, which were offered at various points as this case progressed to trial. (See "Pet'r Sur-Reply," Dkt. No. 270.) The Court then directed Strazza, Womble, and Wall-Wolff to submit affidavits in response to Mecina's new ineffective assistance of counsel claims. (See Dkt. No. 271.)

Upon consideration of Mecina's submissions, the record in this case, and the affidavits from each of Mecina's prior counsel, the Court finds that (1) Mecina has failed to state

a claim for ineffective assistance of counsel and (2) Mecina's sufficiency of the evidence claim is procedurally barred. Accordingly, Mecina's Section 2255 motion is **DENIED**.

## I.    BACKGROUND

Mecina was the leader of a drug trafficking organization named the "Cartel de Houston" ("CDH" or the "Cartel") whose operations included transporting large amounts of methamphetamine from Mexico and Houston, Texas to other parts of the United States. (See "Presentence Report" or "PSR," Dkt. No. 224 ¶¶ 16-18.) CDH also smuggled firearms to Mexico-based drug traffickers, often in exchange for methamphetamine that CDH would smuggle back into the United States. (See id. ¶¶ 18, 22.) CHD members also used firearms to protect themselves and intimidate others in furtherance of the drug trafficking conspiracy. (See id.) In October 2020, Mecina and other CDH members traveled to Wichita, Kansas to intimidate an existing customer into returning money and drugs to the Cartel. (See id. ¶ 25; "Plea Tr.," Dkt. No. 264-1 at 21:17-22:11.) In making their demands for the drugs and money, Mecina and his co-conspirators flashed firearms at the customer. (See PSR ¶ 25.) Out of intimidation, the customer complied with the demands and returned the money and drugs. (See id.)

Mecina was arrested on May 11, 2021, in connection with the then-operative superseding indictment and was arraigned the following day, on May 12, 2021. (<u>See</u> Dkt. Nos. 47, 79.) Strazza was appointed as Mecina's counsel pursuant to the Criminal Justice Act ("CJA") and was present for the arraignment. (<u>See</u> Dkt. No. 79.)

On November 29, 2021, the Government sent Strazza a proposed plea agreement (the "November 2021 Plea Offer"), which would expire on January 14, 2022. (<u>See</u> Pet'r Sur-Reply at 8.) Under the November 2021 Plea Offer, Mecina would agree to plead guilty to Count One, with an offense level of forty-three and a criminal history category of I, resulting in a Sentencing Guidelines range of life in prison and a mandatory minimum term of 120 months' imprisonment. (<u>See</u> <u>id.</u> at 9-11.) Although Strazza told Mecina that this plea offer was his best option, Mecina was dissatisfied with its terms and rejected the November 2021 Plea Offer. (<u>See</u> "Strazza Decl.," Dkt. No. 275 ¶ 5; <u>see also</u> "Apr. 2023 Letter," Dkt. No. 118; Apr. 2023 Letter Translation at 6.[3])

---

[3] Mecina's April 2023 Letter was written in Spanish. Accordingly, the Court relies on an English translation of the April 2023 Letter, which was translated by the Southern District of New York Interpreters Office. A copy of the English translation of the April 2023 Letter is held in Chambers.

On March 4, 2022, the Court held a conference to address Mecina's request for substitution of counsel. (See Dkt. Minute Entry for Mar. 4, 2022.) During the conference, the Court granted Mecina's substitution request and appointed Womble as CJA counsel. (See id.; Dkt. No. 144.)

On August 26, 2022, the Government sent Womble a proposed plea agreement (the "August 2022 Plea Offer"), which would expire on October 21, 2022. (See Pet'r Sur-Reply at 16.) The terms of the August 2022 Plea Offer were the same as the November 2021 Plea Offer. (See "Womble Decl.," Dkt. No. 274 ¶ 2.) Womble repeatedly encouraged Mecina to accept the August 2022 Plea Offer, but Mecina informed Womble that he intended to reject the plea because Mecina believed that a better offer could be negotiated that would result in a lower custodial sentence. (See Apr. 2023 Letter Translation at 9-13; see also Womble Decl. ¶¶ 3, 5-6.)

On September 16, 2022, the Court held a conference to address Mecina's second request for substitution of counsel, as Mecina alleged a breakdown in communication with Womble. (See Dkt. Nos. 161, 162.) The Court granted Mecina's request and appointed Wall-Wolff as CJA counsel.[4] (See Dkt. No. 168.) The Government re-extended the August 2022 Plea Offer to Wall-

---

[4] Vitaliano entered his appearance in this matter on March 28, 2023, and initially served as associate counsel to Wall-Wolff. (See Dkt. No. 176.)

Wolff in light of the substitution of counsel, which Wall-Wolff conveyed to Mecina, but Mecina rejected the plea agreement. (See "Wall-Wolff Decl.," Dkt. No. 272 ¶¶ 3-4; Dkt. No. 213 at 8:19-9:9, 10:3-13.)

On March 1, 2023, the Government sent Wall-Wolff another proposed plea agreement (the "March 2023 Plea Offer"), which would expire on March 22, 2023. (See Pet'r Sur-Reply at 18-22.) Under the March 2023 Plea Offer, Mecina would agree to plead guilty to Count One, with an offense level of forty-three and a criminal history category of I, resulting in a Sentencing Guidelines range of life in prison and a mandatory minimum term of 120 months' imprisonment. (See id. at 20-22.) Following discussions with Wall-Wolff, Mecina rejected the March 2023 Plea Offer. (See Wall-Wolff Decl. ¶ 4.)

On April 17, 2023, the Court received an undated letter from Mecina (the "April 2023 Letter" or the "Letter"), which detailed Mecina's grievances with his current counsel, Wall-Wolff, and his prior counsel Strazza and Womble. (See generally Apr. 2023 Letter; Apr. 2023 Letter Translation.) On April 18, 2023, Wall-Wolff requested a conference to withdraw as counsel in light of the April 2023 Letter, stating that there had been a breakdown in communication with Mecina. (See Dkt. No. 189.) On April 21, 2023, the Court held a conference and granted Wall-Wolff's request to withdraw, appointed

6

Sapone and Vitaliano as CJA counsel,[5] (see Minute Entry Apr. 21, 2023; Dkt. No. 196), and subsequently re-scheduled Mecina's trial for June 15, 2023. (See Dkt. No. 198.)

On June 2, 2023, Mecina pleaded guilty without a plea agreement to one count of narcotics conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count One"), one count of narcotics importation conspiracy in violation of 21 U.S.C. § 963 ("Count Two"), and one count of use or possession of a firearm in connection with a drug trafficking conspiracy in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii) and (c)(2) (Count Three). (See Dkt. Minute Entry for June 2, 2023; Plea Tr.) On January 11, 2024, Mecina was sentenced by this Court to an aggregate term of 252 months' imprisonment, comprising 168 months' imprisonment on Counts One and Two, to run concurrently, followed by a mandatory consecutive term of 84 months' imprisonment on Count Three. (See Dkt. Minute Entry for Jan. 11, 2024; Dkt. No. 243.)

Mecina did not file a direct appeal.

## II.   SECTION 2255 LEGAL STANDARD

"Section 2255 provides a prisoner in federal custody with a limited opportunity to collaterally challenge the

---

[5] The April 2023 Letter made no mention of Vitaliano and Mecina consented to Vitaliano serving as co-counsel with Sapone. (See Dkt. Minute Entry for May 5, 2023; Dkt. No. 196.)

legality of his sentence." Nkansah v. United States, No. 08
Cr. 1234, 2015 WL 8731914, at *7 (S.D.N.Y. Dec. 14, 2015).
"The grounds provided in [S]ection 2255 for collateral attack
on a final judgment in a federal criminal case are narrowly
limited," Napoli v. United States, 32 F.3d 31, 35 (2d Cir.
1994), in order to promote "a respect for the finality of
criminal sentences, the efficient allocation of judicial
resources, and an aversion to retrying issues years after the
underlying events took place." United States v. Bokun, 73
F.3d 8, 12 (2d Cir. 1995).

    To obtain an evidentiary hearing, "a petitioner must
'demonstrate a colorable [Section 2255] claim,' and the court
must evaluate whether a hearing would 'offer any reasonable
chance of altering its view of the facts.'" Bennett v. United
States, No. 03 Civ. 1852, 2004 WL 2711064, at *3 (S.D.N.Y.
Nov. 23, 2004) (quoting Chang v. United States, 250 F.3d 79,
84, 86 (2d Cir. 2001)); see Gonzalez v. United States, 722
F.3d 118, 130 (2d Cir. 2013) ("[T]he filing of a motion
pursuant to [Section] 2255 does not automatically entitle the
movant to a hearing."). "In determining whether the
assertions in a [Section] 2255 motion warrant discovery or a
hearing, the court must also take into account admissions
made by the defendant at his plea hearing." Gonzalez, 722
F.3d at 131. "[S]ubsequent presentation of conclusory

allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977); <u>see also Puglisi v. United States</u>, 586 F.3d 209, 213 (2d Cir. 2009) ("Bald allegations unsupported by evidentiary facts do not" require an evidentiary hearing (citation omitted)).

Ultimately, "[i]t is within a district court's discretion to determine whether an evidentiary hearing is warranted." <u>Bennett</u>, 2004 WL 2711064, at *3. Moreover, in lieu of an evidentiary hearing with live testimony, a district court may take a "middle road" approach and rely on written submissions from the parties, including affidavits, thereby avoiding "delay [and] the needless expenditure of judicial resources." <u>Chang</u>, 250 F.3d at 86.

### III.  <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

#### A.  <u>LEGAL STANDARD</u>

The Sixth Amendment guarantees criminal defendants the assistance of effective counsel. <u>See</u> <u>Strickland v. United States</u>, 466 U.S. 668, 684-86 (1984). This right extends to all critical stages of criminal proceedings, including plea negotiations, the plea allocution, sentencing, and appeal. <u>See</u> <u>Missouri v. Frye</u>, 566 U.S. 134, 140 (2012); <u>United States v. Graham</u>, 51 F.4th 67, 75 (2d Cir. 2022).

"In order to establish an ineffective assistance claim, a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Cardoza v. Rock, 731 F.3d 169, 178 (2d Cir. 2013). With respect to the performance prong, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (citations omitted). While courts are deferential to defense counsel's strategic decisions, those decisions must be within "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. With respect to the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cullen, 563 U.S. at 189 (citation omitted).

B.   DISCUSSION

Mecina argues that Strazza, Womble, Wall-Wolff, Sapone and Vitaliano (collectively, "Defense Counsel") each provided ineffective assistance of counsel while representing Mecina

10

in the underlying criminal action.[6] The Court first addresses Mecina's arguments regarding Strazza, Womble, and Wall-Wolff and the proposed plea agreements before turning to Mecina's arguments regarding Sapone and Vitaliano and their representation of Mecina during the plea allocution, sentencing, and post-sentencing.

    1.   <u>Rejection of Plea Offers</u>

Mecina argues that Strazza, Womble, and Wall-Wolff did not adequately advise him of the implications of accepting or rejecting the various plea agreements. Mecina insists that he would have never accepted a plea agreement that included Count Three if he had known that prior plea offers did not require him to plead guilty to Count Three. (<u>See</u> Pet'r Sur-Reply at 3-4.) Despite Mecina's representation, the Court makes clear that Mecina pleaded guilty without the benefit of a plea agreement, known as an "open plea." (<u>See</u> Plea Tr. at 3:5-4:14.) <u>See</u> <u>Medrano v. United States</u>, No. 06 Cr. 061, 2015 WL 848551, at *17 (S.D.N.Y. Feb. 27, 2015).

To determine whether prior counsel adequately advised Mecina of the various plea offers, the Court directed Strazza,

---

[6] Although Mecina did not file a direct appeal, such does not foreclose Mecina's ineffective assistance of counsel claim. <u>See</u> <u>Yick Man Mui v. United States</u>, 614 F.3d 50, 54 (2d Cir. 2010) ("[A] petitioner may bring an ineffective assistance of counsel claim [in a Section 2255 motion] whether or not the petitioner could have raised the claim on direct appeal.").

Womble, and Wall-Wolff to each submit an affidavit in response to Mecina's ineffective assistance of counsel allegations, (see Dkt. No. 271), and all three attorneys submitted a corresponding affidavit. (See Strazza Decl.; Womble Decl.; Wall-Wolff Decl.) In light of counsel's affidavits and Mecina's April 2023 Letter to the Court, the Court finds that Mecina has failed to show ineffective assistance of counsel regarding the plea offers.

Although "there is no constitutional right to plea bargain," Weatherford v. Bursey, 429 U.S. 545, 561 (1977), once a plea offer "has been made, a defendant is entitled to the advice of competent counsel before rejecting the offer or letting it expire." Graham, 51 F.4th at 77. Specifically, defense counsel "has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 566 U.S. at 145; see id. at 149-50 (counsel's failure to communicate plea offer to the defendant before the offer expired fell below an objective standard of reasonableness). "In this regard, counsel must communicate to the defendant the terms of the plea offer, and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." Jesus v. United States, No. 13 Cr. 438, 2016 WL

2742409, at *13 (S.D.N.Y. May 10, 2016); see also Davis v. Greiner, 428 F.3d 81, 88 (2d Cir. 2005) ("[C]ounsel has a professional obligation to adequately inform her client about the considerations that are relevant to her client's decision to accept or deny a plea bargain.").

"In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 566 U.S. 156, 163 (2012) (counsel was ineffective where defendant rejected multiple favorable plea offers based on his counsel's deficient advice and was subsequently convicted at trial and received a much higher sentence). To show prejudice where a plea offer was rejected due to counsel's deficient performance, "defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." Frye, 566 U.S. at 147; see also Aeid v. Bennett, 296 F.3d 58, 63-64 (2d Cir. 2002) (petitioner was required to show a reasonable probability that, but for his counsel's mistaken advice, he would have been offered and accepted a legal sentence that would have been more favorable than the sentence ultimately imposed after trial).

13

To prove ineffective assistance of counsel, Mecina must show both deficient performance and prejudice. However, Mecina fails to meet his burden on both grounds.

Regarding performance, Strazza, Womble, and Wall-Wolff each affirm that they presented the relevant plea offers to Mecina, discussed the terms of each plea agreement, and explained the potential consequences of pleading guilty versus proceeding to trial. (See Wall-Wolff Decl. ¶¶ 3-4; Womble Decl. ¶¶ 3, 4-6; Strazza Decl. ¶¶ 4-5.) And as detailed in the April 2023 Letter, Mecina acknowledged that Strazza, Womble, and Wall-Wolff each encouraged Mecina accept the various plea agreements - none of which required Mecina to plead guilty to Count Three - and that each counsel reiterated that the operative plea agreement was Mecina's best option.[7] (See Apr. 2023 Letter Translation at 6, 9-10, 14-15.) Nor were such recommendations unreasonable. That several defense counsel separately recommended that Mecina accept a favorable plea based on the same terms "was well within the range of tactical strategy left to the professional judgment of defense counsel, and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable

---

[7] To the extent that the April 2023 Letter references privileged information, "[t]he attorney-client privilege is implicitly waived when the defendant asserts a claim of ineffective assistance of counsel." Mendivelso v. United States, 507 F. Supp. 2d 331, 339 n.3 (S.D.N.Y. 2007).

professional assistance.'" Baez v. Portundo, No. 97 Civ. 3298, 1999 WL 292573, at *1 (S.D.N.Y. May 7, 1999) (quoting Strickland, 466 U.S. at 689). Although Mecina rejected the various plea offers despite counsel's recommendations, Mecina was entitled to do so. See Gonzalez, 722 F.3d at 132–33 (a defendant "has the constitutional right to insist on going to trial rather than pleading guilty, even if the strength of the prosecution's evidence may make that insistence seem irrational").

Although Mecina suggested in the April 2023 Letter that Strazza, Womble, and Wall-Wolff each tried to coerce him into accepting a guilty plea even though he was not guilty, Mecina makes no coercion arguments in his Section 2255 motion. But even if Mecina alleged coercion in the present motion, the Court would find Mecina's position unpersuasive. At the plea allocution, Mecina confirmed under oath that he had committed the underlying offenses, that no one threatened or forced him to plead guilty, and expressed remorse for his actions. (See Plea Tr. at 8:16-9:22, 20:3-25, 26:3-10.) Such admissions belie any claim of coercion. See Rahman v. Graham, No. 16 Civ. 5318, 2018 WL 9339953, at *8 (S.D.N.Y. Sept. 14, 2018); see also United States v. Rivas, No. 95-1255, 1995 WL 736547, at *1 (2d Cir. 1995) (petitioner's unsubstantiated allegations that counsel "tricked and misled" him did not

outweigh his own statements under oath during the plea allocution that he was guilty); <u>Reed v. Brown</u>, No. 10 Civ. 3072, 2012 WL 34092, at *6 (S.D.N.Y. Jan. 6, 2012) ("[t]he fact that [petitioner's] lawyer urged him to accept a highly favorable plea offer does not establish coercion" where the petitioner admitted his guilt at the plea allocution).

As to prejudice, Mecina cannot show with reasonable probability that he would have accepted one of the plea offers if he had been afforded effective assistance of counsel. "As the Supreme Court has explained, to show prejudice in the plea context, a petitioner 'must show the outcome of the plea process would have been different with competent advice.'" <u>Fulton v. Superintendent</u>, No. 20 Civ. 0021, 2022 WL 20704161, at *22 (S.D.N.Y. Oct. 31, 2022) (quoting <u>Lafler</u>, 566 U.S. at 163). However, Mecina's own statements to the Court reveal that Mecina rejected the plea offers – which Mecina described as inadequate and unfair - because the proposed custodial sentence was too long and Mecina vehemently disagreed with the Government's characterization of him in each plea offer. (<u>See</u> Apr. 2023 Letter Translation at 10, 14, 16-17.)

For example, the April 2023 Letter makes evident that Mecina was unhappy that the plea offers did not stipulate to an offense level lower than forty-three, which would result in a Guidelines Range of life in prison. (<u>See</u> <u>id.</u> at 14, 16-

17.) Mecina detailed several conversations with Wall-Wolf where Mecina expressed frustration that none of the plea offers stipulated to an offense level lower than forty-three. (See id.) Mecina also raised the issue of life in prison with Womble and told Womble that he would not sign the proposed plea agreement because "[n]ot even killers get life" and "I am not a killer." (Id. at 10.) Although Womble and Wall-Wolff tried to negotiate a more favorable plea based on Mecina's concerns, the Government did not amend any of its plea offers. (See Womble Decl. ¶ 4; Apr. 2023 Letter Translation at 17-18.) Ultimately, the April 2023 Letter reflects Mecina's understanding of the plea offers' terms, which all stipulated to the same Guidelines Range based on a guilty plea to Count One. Thus, the record supports the conclusion that Mecina rejected the various plea offers because he was unhappy with the content of those offers, not because he misunderstood counsel's explanation of the agreement's terms or the sentencing implications if he proceeded to trial. See Antomattei v. United States, No. 12 Cr. 322, 2020 WL 3969964, at *6 (S.D.N.Y. July 14, 2020).

Further, Mecina's argument that he would have pleaded guilty pursuant to a plea agreement is contradicted by his insistence throughout the underlying criminal action that he was not guilty of the charged conduct. See Dodakian v. United

17

States, No. 14 Civ. 01188, 2015 WL 11144511, at *15 (S.D.N.Y. Aug. 14, 2015); see also Melo v. United States, 825 F. Supp. 2d 457, 463 (S.D.N.Y. 2011) ("Insistence on innocence, although not dispositive, weighs against finding that [petitioner] would have accepted a plea deal."). As outlined in the April 2023 Letter, Mecina repeatedly told his counsel that he would not sign the proposed plea agreements because the pleas did not accurately reflect who he was as a person. For example, Mecina told Wall-Wolf that he would not sign the plea agreement because he was "not the monster described in those papers." (Apr. 2023 Letter Translation at 17.) Moreover, Mecina emphasized to the Court that "I cannot accept that plea agreement that the prosecutor is offering because I am not that person." (Id. at 2.) Ultimately, Mecina's theory that he would have pleaded guilty pursuant to a plea agreement but for counsel's ineffective assistance is contradicted by his own statements.

Accordingly, Mecina's ineffective assistance of counsel claim against Strazza, Womble, and Wall-Wolff regarding the plea agreements is **DENIED.**

2.  Plea Allocution, Sentencing, and Post-Sentencing

Mecina argues that Sapone and Vitaliano were ineffective on four grounds: (1) Sapone and Vitaliano failed to explain the specific legal standards of Count Three, (2) Mecina was

not advised that he could be held liable under Section 924(c) for a co-conspirator's possession of a firearm, (3) Mecina was not clearly informed of the mandatory, consecutive nature of the 84-month sentence on Count Three, and (4) Sapone and Vitaliano discouraged Mecina from filing an appeal and as a result, Mecina did not appeal his sentence. (See Pet'r Mot. at 4-5; Pet'r Reply at 3-5.) Upon direction from the Court, (see Dkt. No. 267), Sapone and Vitaliano each submitted an affidavit in response to Mecina's allegations regarding ineffective assistance of counsel. (See "Sapone Decl.," Dkt. No. 268; "Vitaliano Decl.," Dkt. No. 269.) The Court first addresses Mecina's allegations regarding the elements of Count Three implicating the plea allocution and sentencing before turning to Mecina's allegations regarding appeal.

a.  Guilty Plea

First, the Court finds that Mecina's allegations that Sapone and Vitaliano failed to explain the elements of Count Three or the mandatory, consecutive nature of the 84-month sentence for Count Three are contradicted by Mecina's sworn statements made during the plea allocution. See Chen v. United States, No. 06 Civ. 7159, 2007 WL 4358466, at *3 (S.D.N.Y. Dec. 7, 2007) (denying ineffective assistance of counsel claim because petitioner's "sworn statements directly contradict[ed] his more recent self-serving allegations").

19

Here, the Court thoroughly questioned Mecina and his counsel during the plea allocution to confirm that Mecina understood the relevant legal standards and sentencing implications of all counts, including Count Three.[8] (See generally Plea Tr.) On behalf of Mecina, Sapone indicated that Mecina wished to plead guilty to all three counts of the Superseding Indictment without the benefit of a plea agreement. (See id. at 3:9-25.) Sapone confirmed that he had explained the full scope and consequences of an open plea to Mecina, including the Sentencing Guidelines, the applicable mandatory and maximum sentences, including the "seven-year mandatory minimum, which is consecutive, for Count Three, the firearms brandish [count]." (Id. at 4:2-12.) Sapone indicated that Mecina "understands the law, as best I could explain it, including the Guidelines and the mandatory minimums." (Id. at 4:13-14.)

The Court subsequently confirmed that Mecina understood the elements of all three counts, that Mecina had had a full opportunity to discuss his case with his counsel, and that Mecina was satisfied with his attorneys' representation of

---

[8] At the beginning of the plea allocution, the Court ensured that Mecina fully understood the proceeding with the assistance of a certified Spanish-language interpreter. (See Plea Tr. 2:14-3:3.) At sentencing, the Court likewise confirmed that Mecina fully understood the proceeding with the assistance of a certified Spanish-language interpreter. (See "Sentencing Tr.," Dkt. No. 247 at 2:15-3:3.)

him. (See id. at 6:24-9:6.) Mecina also stated that he was pleading guilty voluntarily and of his own free will, (see id. at 24:19-22, 26:4-10), and admitted that he was pleading guilty because he was in fact guilty. (See id. at 24:16-18.) After determining that Mecina understood his rights and that there was a sufficient factual allocution, the Court accepted Mecina's guilty plea on Counts One, Two, and Three. (See id. at 24:23-25:6.) In light of Mecina's sworn statements made during the plea allocution, the Court finds that Sapone and Vitaliano sufficiently explained the nature and implications of pleading guilty to Count Three. See Mejia v. United States, 740 F. Supp. 2d 426, 429 (S.D.N.Y. 2010) ("A defendant's bare allegations in a [Section] 2255 petition cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth.").

Further, Mecina's argument that Sapone and Vitaliano failed to advise him that he could be liable for a co-conspirator's possession of a firearm, a concept known as constructive possession, also fails to demonstrate ineffective assistance of counsel. Regarding Count Three, Mecina stated at the plea allocution that he knew that an accomplice had brandished a firearm to conduct a drug transaction in furtherance of the conspiracy. (See Plea Tr. at 20:3-25.) In response, the Government indicated that while

it was sufficient for Mecina to admit that an accomplice had brandished a firearm in furtherance of the conspiracy, the Government would show at trial that (1) Mecina himself brandished a firearm to a CDH customer in Wichita, Kansas to intimidate the customer into returning money and drugs, and (2) Mecina instructed co-conspirators to smuggle firearms from Houston, Texas to Mexico in exchange for methamphetamine. (See id. at 21:17-22:11.) When the Court asked Mecina if he "agree[d] with what the Government has said," Mecina responded "Yes, your Honor. It's OK. I'm here to accept responsibility." (See id. at 23:24-24:7.) Mecina similarly accepted responsibility for his actions at sentencing. (See Sentencing Tr. at 6:20-14:3; 17:15-20:25.) Moreover, Sapone stated in his affidavit that he had discussed the concepts of constructive and actual possession of a firearm and reasonable foreseeability of another's possession, display, and discharge of a firearm, but that ultimately those distinctions were immaterial because the Government could prove that Mecina actually displayed a firearm. (See Sapone Decl. ¶ 6.)

In light of Mecina's sworn statements at the plea allocution and the absence of any credible reasons justifying departure from their apparent truth, Mecina's claim that

Sapone and Vitaliano were ineffective during the plea allocution and sentencing is **DENIED**.

b. *Notice of Appeal*

A defendant claiming ineffective assistance of counsel based on a failure to pursue an appeal must show (1) that counsel's representation fell below an objective reasonableness standard, and (2) that counsel's deficient performance prejudiced the defendant. See Strickland, 466 U.S. at 688, 694; Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2002).

With respect to the reasonableness of counsel's representation, counsel must consult with the defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. "The term 'consult' conveys a specific meaning: to advise the defendant about the 'advantages and disadvantages of taking an appeal, and [make] a reasonable effort to discover [the defendant's] wishes.'" Regalado v. United States, No. 09 Civ. 7725, 2010 WL 5393503, at *2 (S.D.N.Y. Dec. 28, 2010) (quoting Flores-Ortega, 528 U.S. at 487). Where it is undisputed that "counsel did consult with the defendant,

counsel will be found to have performed unreasonably only in failing to follow the defendant's express instructions to file an appeal." Davis v. United States, 558 F. App'x 127, 128 (2d Cir. 2014).

Regarding the prejudice prong, where counsel's allegedly deficient performance arguably led to the forfeiture of the defendant's appeal, "[the] defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Regalado, 2010 WL 5393503, at *2 (citation omitted). However, if counsel failed to file a requested appeal or mistakenly advised the defendant that there was no right to appeal, the defendant is presumed to have shown prejudice and is entitled to a new appeal without showing that his appeal was likely meritorious. See Campusano v. United States, 442 F.3d 770, 772-73 (2d Cir. 2006); Thomas v. United States, 93 F.4th 62, 66 (2d Cir. 2024).

Here, Mecina merely alleges that Sapone and Vitaliano informed him that an appeal would not be fruitful. (See Pet'r Mot. at 4.) Such an allegation does not amount to an ineffective assistance of counsel claim. See United States v. White, No. 07 Cr. 848, 2009 WL 3816840, at *4 (S.D.N.Y. Nov. 13, 2009) (rejecting ineffective assistance of counsel claim where the defendant alleged that counsel "convinced" him not

to appeal because counsel's affidavit was clear and
unequivocal evidence that counsel adequately informed the
defendant of his right to appeal and that the defendant never
explicitly asked for an appeal to be filed); Castillo v.
United States, No. 19 Cr. 428, 2023 WL 6622071, at *6
(S.D.N.Y. Oct. 11, 2023) (rejecting ineffective assistance of
counsel claim where defendant alleged that he was discouraged
from filing an appeal because counsel discussed the issue of
appeal and defendant did not direct counsel to file a notice
of appeal).

     As their affidavits make clear, Sapone and Vitaliano
advised Mecina that he had a right to appeal.[9] (See Sapone
Decl. ¶ 7; Vitaliano Decl. ¶ 10.) However, Mecina never
expressed any intention to appeal his conviction or sentence
and did not ask Sapone or Vitaliano to file a notice of
appeal, which was consistent with Mecina's remorsefulness and
desire to accept full responsibility for his conduct. (See
Sapone Decl. ¶ 7; Vitaliano Decl. ¶ 10.) Accordingly, Sapone
and Vitaliano's failure to file a notice of appeal did not
amount to ineffective assistance of counsel. See Sarroca v.

---

[9] At sentencing, the Court also advised Mecina that he had a right to
appeal and Mecina confirmed that he understood this right. (See Sentencing
Tr. at 24:23-25:6.) See McFarlane v. United States, No. 11 Cr. 338, 2014
WL 775098, at *4 (S.D.N.Y. Feb. 27, 2014) (denying ineffective assistance
of counsel claim where the district court advised the defendant that he
had a right to appeal and there was no indication that the defendant had
directed his counsel to file a notice of appeal).

United States, 250 F.3d 785, 787-88 (2d Cir. 2001) (counsel's
failure to file an appeal was not unreasonable because
defendant gave no indication that he was interested in
appealing and counsel stated in an affidavit that defendant
never requested an appeal); Robinson v. United States, No. 18
Cr. 373, 2021 WL 568171, at *9 (S.D.N.Y. Feb. 16, 2021) (no
prejudice where defendant did not allege, nor was there any
indication in the record, that defendant instructed his
attorney to file a notice of appeal). Accordingly, Mecina's
ineffective assistance of counsel claim regarding appeal is
**DENIED**.

    3.    Evidentiary Hearing

    Mecina's request for an evidentiary hearing is denied
because, as explained above, Mecina has failed to state a
plausible claim for relief. See United States v. Williams,
No. 04 Cr. 178, 2009 WL 1162382, at *3 (S.D.N.Y. May 1, 2009);
see also United States v. Espinal, No. 91 Cr. 310, 2010 WL
23168, at *1 n.2 (S.D.N.Y. Jan. 5, 2010) (recognizing that
"motions to vacate under 28 U.S.C. § 2255 are often denied
without the need for an evidentiary hearing"). Although a
petitioner "is entitled to an evidentiary hearing regarding
his counsel's alleged ineffectiveness when he has stated a
'plausible' claim," Lorenzana v. United States, No. 11 Civ.
6153, 2013 WL 4400526, at *4 (S.D.N.Y. Aug. 15, 2013) (quoting

26

<u>Puglisi</u>, 586 F.3d at 213), an evidentiary hearing is not required where a petitioner's allegations "merely contradict the record, are inherently incredible, or are simply conclusory." <u>Thomas v. United States</u>, No. 04 Cr. 801, 2018 WL 10509573, at *1 (S.D.N.Y. Nov. 8, 2018) (citation omitted). Further, "when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." <u>Puglisi</u>, 586 F.3d at 214.

As explained above, the Court considered Defense Counsel's affidavits regarding their representation of Mecina in conjunction with other evidence in the record and concluded that Mecina has failed to state a plausible claim for ineffective assistance of counsel. Thus, the Court declines to hold an evidentiary hearing. <u>See</u> <u>Chang</u>, 250 F.3d at 80-82, 85-86 (where habeas record included an affidavit from trial counsel that contradicted petitioner's "improbable" version of interactions with counsel, the district court was justified in dismissing the petition without live testimony). Accordingly, Mecina's request for an evidentiary hearing is **DENIED**.

***

27

For the reasons detailed above, Mecina has failed to plausibly allege that Defense Counsel were ineffective in the underlying criminal action. Accordingly, Mecina's claim for ineffective assistance of counsel is **DENIED** and Mecina's request for an evidentiary hearing is also **DENIED**.

### IV.    <u>SUFFICIENCY OF THE EVIDENCE</u>

Mecina argues that there was insufficient evidence to support his conviction on Count Three. (<u>See</u> Pet'r Mot. at 4.) The Government argues that Mecina's sufficiency of the evidence challenge is procedurally barred because Mecina failed to file a direct appeal. (<u>See</u> Gov't Opp'n at 10.) And even if not procedurally barred, Mecina's sufficiency challenge is meritless because the evidence in the record is more than sufficient to demonstrate Mecina's guilt as to Count Three. (<u>See</u> <u>id.</u> at 10-11.) For the reasons explained below, the Court agrees with the Government that Mecina's sufficiency of the evidence challenge is procedurally barred.

"A habeas action is not intended to substitute for a direct appeal." <u>Fountain v. United States</u>, 357 F.3d 250, 254 (2d Cir. 2004). Accordingly, "[w]here a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent Section 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." <u>Rosa v. United States</u>, 170 F.

Supp. 2d 388, 396 (S.D.N.Y. 2001); see also Muhammed v. United States, 635 F. Supp. 1451, 1452 (S.D.N.Y. 1986) (petitioner barred from bringing insufficiency of the evidence claim in Section 2255 motion because petitioner failed to raise the argument on direct appeal). Ultimately, "[t]he procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Massaro v. United States, 538 U.S. 500, 504 (2003).

To show "cause," "the petitioner must show circumstances external to the petitioner, something that cannot be fairly attributed to him." Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007) (citation omitted). "The petitioner must also demonstrate 'actual prejudice' by showing that errors at his trial worked to his 'actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Feuer v. United States, No. 07 Cr. 975, 2012 WL 1319872, at *2 (S.D.N.Y. Apr. 4, 2012) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). To prove "actual prejudice," a petitioner must establish "a reasonable probability" that, but for the violation of federal law, the outcome of the case would have been different. See Mathis v. Hood, 937 F.2d 790, 794 (2d Cir. 1991).

Mecina has not shown cause for failing to litigate his sufficiency of the evidence claim on direct appeal. Although ineffective assistance of counsel may constitute cause for a procedural default, see Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994), as explained above, Mecina's ineffective assistance of counsel claim lacks merit. See Rizzo v. Capra, No. 18 Civ. 1185, 2019 WL 2511349, at *3 (S.D.N.Y. June 18, 2019). Moreover, Mecina points to no other cause for his procedural default, nor is there any basis in the record for the Court to conclude that such cause exists. See Grant v. Berbary, No. 99 Civ. 12017, 2002 WL 33985139, at *4 (S.D.N.Y. Jan. 22, 2002).

Mecina also has not demonstrated actual prejudice sufficient to excuse the procedural default. A petitioner's burden to show actual prejudice "is even greater than the showing required to establish plain error on direct appeal." Frady, 456 U.S. at 166 (citation omitted). And "[a]s a matter of logic, it would be difficult, if not impossible, to prove actual prejudice if petitioner's claims otherwise lack merit." Martinez v. United States, No. 05 Cr. 773, 2010 WL 4840085, at *3 (S.D.N.Y. Nov. 12, 2010).

Contrary to Mecina's assertions, there was ample evidence to support Mecina's conviction on Count Three. As the Government explained during the plea allocation, the

Government's evidence would show that Mecina brandished a semiautomatic rifle at a customer in Wichita, Kansas to intimidate the customer into returning money and drugs to the Cartel. (See Plea Tr. at 21:21-22:25.) When Mecina was arrested, he consented to a search of his apartment, where officers recovered the semiautomatic rifle that Mecina brandished in Wichita. (See id. at 22:7-11.) Moreover, the evidence would show that Mecina instructed members of CDH to smuggle firearms from Houston, Texas to Mexico in furtherance of the conspiracy and to trade those firearms with individuals in Mexico in exchange for methamphetamine. (See id. at 21:25-22:6.) During the plea allocution, Mecina stated under oath that he agreed with the Government's statements regarding Count Three and that he was ready to accept responsibility. (See id. at 23:24-24:7.)

Further, Mecina did not object to the factual recitation in the Presentence Report, which included that Mecina brandished a firearm in Wichita, Kansas and that shortly after the trip to Wichita, Mecina directed members of CDH to purchase and smuggle firearms into Mexico in exchange for methamphetamine. (See PSR ¶¶ 25-26.) Nor did Mecina dispute the Government's description of the offense conduct at sentencing. (See Sentencing Tr. at 6:20-7:9.) Moreover, Mecina apologized for his actions and requested leniency in

light of his rehabilitation efforts while incarcerated. (See id. at 17:15-20:25.) Accordingly, Mecina's claim that there was insufficient evidence to support his conviction on Count Three is meritless.

Because Mecina has not demonstrated cause or actual prejudice, Mecina's sufficiency of the evidence claim is procedurally barred and is therefore **DENIED**.

### V.    ORDER

Accordingly, it is hereby

**ORDERED** that the motion (Case No. 25 Civ. 465 at Dkt. No. 1; Case No. 21 Cr. 133 at Dkt. No. 259) of Francisco Javier Mecina Barrera ("Mecina") to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255 is **DENIED**.

Because Mecina has failed to demonstrate a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253; see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000) ("[T]he 'substantial showing' requirement for granting a [certificate of appealability] is satisfied if the issues involved in a petition are debatable among jurists of reason, could be resolved in a different manner, or are adequate to deserve encouragement to proceed further.").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Decision and Order would not be taken in

good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to close the motion in Mecina Barrera v. United States, 25 Civ. 465, at Dkt. No. 1, as well as the motion in United States v. Mecina Barrera, 21 Cr. 133, at Dkt. No. 259. The Clerk of Court is also respectfully directed to mail a copy of this Decision and Order to Francisco Javier Mecina Barrera, Register Number 39125-509, FCI Danbury, 33 1/2 Pembroke Road, Danbury, CT 06811, and note service on each docket.

**SO ORDERED.**

Dated:    11 September 2025
          New York, New York

                                        Victor Marrero
                                           U.S.D.J.