USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FRANCISCO JAVIER MECINA BARRERA,

Petitioner,

- against -

UNITED STATES OF AMERICA,

Respondent.

**25 Cv. 465 (VM)**
**21 Cr. 133 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

By letter, dated May 26, 2026, defendant Francisco Javier Mecina Barrera ("Mecina" or "Defendant") mailed to the Court a *pro se* motion for appointment of counsel to assist Mecina in "evaluating possible post-conviction avenues of relief under 18 U.S.C. § 3582, possible appellate rights, constitutional claims, and any other relief the Court deems just and proper." (Attachment at 3.) For the following reasons, Mecina's motion is denied without prejudice.

On June 2, 2023, Mecina pleaded guilty to one count of narcotics conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count One"), one count of narcotics importation conspiracy in violation of 21 U.S.C. § 963 ("Count Two"), and one count of use or possession of a firearm in connection with a drug trafficking conspiracy in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii) and (c)(2) ("Count Three"). (See Dkt. Minute Entry for June 2, 2023; "Plea Tr.," Dkt. No.

264-1.) On January 11, 2024, Mecina was sentenced by this Court to an aggregate term of 252 months' imprisonment, comprising 168 months' imprisonment on Counts One and Two, to run concurrently, followed by a mandatory consecutive term of 84 months' imprisonment on Count Three. (See Dkt. Minute Entry for Jan. 11, 2024; Dkt. No. 243.) Mecina did not file a direct appeal. Mecina is currently serving his sentence in FCI Danbury.

"In criminal matters, the right to appointed counsel extends to the first appeal of right, and no further." United States v. Broadnax, No. 15-CR-878, 2023 WL 6533489, at *1 (S.D.N.Y. Oct. 6, 2023) (citation omitted). "Courts have no obligation 'to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief.'" United States v. Mashinsky, No. 23-CR-347, 2026 WL 1042676, at *1 (S.D.N.Y. Apr. 17, 2026) (quoting Johnson v. Avery, 393 U.S. 483, 488 (1969)). "The initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." Id.

The Court "has discretion to appoint counsel in the interest of justice." Wells v. King, No. 25-CV-5651, 2025 WL 3274229, at *1 (S.D.N.Y. Oct. 27, 2025). However, for the Court to order the appointment of counsel, "the petitioner

must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." United States v. Williams, No. 17-CR-402, 2020 WL 5912325, at *1 (S.D.N.Y. Oct. 6, 2020). "Only after this threshold showing has been met can the Court consider the other factors appropriate to determination of whether counsel should be appointed: 'plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.'" Id. (quoting Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989)).

Here, Mecina's motion for appointment of counsel is a generalized request for an attorney to help him evaluate his legal options and is not made in connection with any specific claim for sentence reduction or other post-conviction relief. Mecina's letter specifically states that he "does not request that this Court issue a ruling on the merits of any specific request for sentence reduction or post-conviction relief." (Attachment at 2.) As explained above, however, as a threshold matter in determining whether to appoint counsel, the Court must assess whether the petitioner's claims have a likelihood of success on the merits. Because Mecina has identified no

specific claim for sentence reduction or other post-conviction relief, the Court cannot make that threshold merits determination. Accordingly, Mecina's motion for appointment of counsel is denied without prejudice. In the future, Mecina may renew his motion in connection with specific claims for relief that would permit the Court to assess their likelihood of success on the merits.

## I. ORDER

Accordingly, it is hereby

**ORDERED** that the motion of Francisco Javier Mecina Barrera for appointment of counsel is **DENIED WITHOUT PREJUDICE.**

The Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Francisco Javier Mecina Barrera, Register Number 39625-509, FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT, 06811, and note service on each docket.

**SO ORDERED.**

Dated: 17 September 2026
New York, New York

Victor Marrero
U.S.D.J.

# Attachment

RECEIVED
JUN 1 0 2026
CHAMBERS OF
JUDGE MARRERO

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

United States of America

v.

Francisco Javier Mecina Barrera,

Defendant.

Case No. 21 Cr. 133 (VM)

**MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO THE CRIMINAL JUSTICE ACT**

**TO THE HONORABLE COURT,**
**BEFORE THE HONORABLE VICTOR MARRERO,**
**UNITED STATES DISTRICT JUDGE:**

COMES NOW the defendant, Francisco Javier Mecina Barrera, proceeding pro se, and respectfully moves this Honorable Court for the appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, for the purpose of evaluating and, if appropriate, pursuing potential post-conviction avenues of relief available under federal law, including those related to 18 U.S.C. § 3582, possible retroactive amendments to the United States Sentencing Guidelines, as well as any other legal or constitutional remedies that may be applicable.

In support of this Motion, the defendant respectfully states as follows:

I. PROCEDURAL STATUS

The defendant was convicted and sentenced in the above-captioned matter and is currently serving his sentence in the custody of the Bureau of Prisons.

This Motion is submitted for the purpose of requesting the appointment of counsel to assist in the legal evaluation of possible mechanisms for sentence reduction or modification available under federal law, including 18 U.S.C. § 3582(c)(2), possible retroactive amendments to the Sentencing Guidelines, as well as any other post-conviction relief that may be appropriate under the facts and circumstances of this case.

## II. LEGAL BASIS FOR APPOINTMENT OF COUNSEL

Pursuant to 18 U.S.C. § 3006A(a)(1) and (c), this Court possesses discretionary authority to appoint counsel for financially eligible individuals in post-conviction proceedings whenever the interests of justice so require.

Federal courts routinely appoint counsel in proceedings involving sentence modifications under § 3582, particularly where eligibility depends upon technical Sentencing Guidelines calculations, controlled substance quantity determinations, or the interpretation and application of amendments to those Guidelines.

The defendant respectfully submits that the legal and factual issues that may arise in connection with possible amendments to the Sentencing Guidelines — particularly those involving controlled substance offenses — involve a degree of complexity that justifies the assistance of qualified counsel.

Furthermore, the present request is not limited solely to potential sentence reductions under § 3582. The defendant also seeks legal assistance for the purpose of evaluating possible appellate rights, extraordinary remedies, and other post-conviction avenues of relief that may remain available under federal law.

Although sentence was imposed previously in this matter, federal courts have consistently recognized that certain constitutional claims and procedural defects may be reviewed even years after sentencing, particularly where allegations involve ineffective assistance of counsel, procedural abandonment, failure to properly advise regarding appellate rights, or extraordinary circumstances that may justify collateral review.

See, inter alia:

Roe v. Flores-Ortega, 528 U.S. 470 (2000) (recognizing a constitutional violation where counsel fails to adequately consult regarding the right to appeal);

Garza v. Idaho, 586 U.S. ___, 139 S. Ct. 738 (2019) (holding that prejudice may be presumed where counsel deprives a defendant of a requested appeal);

Massaro v. United States, 538 U.S. 500 (2003) (recognizing that ineffective assistance claims are frequently raised in post-conviction proceedings).

Additionally, federal courts have, under certain circumstances, permitted the restoration of appellate rights or the review of significant constitutional issues even after substantial periods of time have elapsed, where the interests of justice so require.

## III. INTERESTS OF JUSTICE

By way of this Motion, the defendant does not request that this Court issue a ruling on the merits of any specific request for sentence reduction or post-conviction relief.

Rather, the defendant seeks only the appointment of counsel so that such counsel may:

a. Review the sentencing record and the calculations applied under the Sentencing Guidelines;

b. Evaluate the defendant's eligibility under applicable or future amendments that may carry retroactive effect;

c. Advise the defendant regarding the legal viability of a motion pursuant to 18 U.S.C. § 3582;

d. Evaluate possible appellate rights, constitutional claims, or other post-conviction remedies available under federal law; and

e. Ensure that any submission that may eventually be presented before this Court is legally sound, procedurally proper, and efficient for the administration of justice.

The appointment of counsel at this stage would serve the interests of justice by ensuring that any future proceedings are properly framed, adequately supported, and appropriately presented before this Court.

Due to the technical complexity of the potential legal issues involved and the constitutional implications that may exist, the defendant respectfully submits that the assistance of counsel is necessary to ensure an adequate evaluation of any available legal avenues and to effectively protect his rights under the Constitution and laws of the United States.

IV. REQUEST FOR RELIEF

WHEREFORE, defendant Francisco Javier Mecina Barrera respectfully requests that this Honorable Court appoint counsel pursuant to the Criminal Justice Act for the purpose of evaluating possible post-conviction avenues of relief under 18 U.S.C. § 3582, possible appellate rights, constitutional claims, and any other relief the Court deems just and proper.

Respectfully submitted,

Francisco Javier Mecina Barrera
Defendant, Pro Se

No. 39625-509
FCI Danbury
33½ Pembroke Rd.
Danbury, CT 06811

Date: 05/26/2026